

**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

---

*Joseph F. Weis, Jr. U.S. Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania 15219*                              *412/644-3500*

June 15, 2026

Adam R. Gorzelsky, Esquire
101 North Main Street
Suite 104b
Greensburg, PA 15650

Re:    United States of America v. Koc et. al.
       Ali Alkhaleel
       Criminal No. 26-63

Dear Mr. Gorzelsky:

This letter sets forth the agreement by which your client, Ali Alkhaleel, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Ali Alkhaleel and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Ali Alkhaleel will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, <u>et</u> <u>seq.</u> and 28 U.S.C. § 991, <u>et</u> <u>seq.</u> The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

    A.    The defendant, Ali Alkhaleel, agrees to the following:

        1.    The defendant will enter a plea of guilty to Counts Two and Six of the Indictment at Criminal No. 26-63, charging the defendant with violating 18 U.S.C. §§ 371 and 1503(a), pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

        2.    If the Court imposes a fine or restitution as part of a sentence of incarceration, Ali Alkhaleel agrees to participate in the United States Bureau of Prisons' Inmate Financial Responsibility Program, through

<div style="border:1px solid black; text-align:center;">

# LIMITED OFFICIAL
# USE

</div>

Page 2

which 50% of the defendant's prison salary will be applied to pay the fine or restitution.

3.      At the time Ali Alkhaleel enters the defendant's plea of guilty, the defendant will deposit a special assessment of $200 in the form of cash, check, or money order payable to "Clerk, U.S. District Court." In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

4.      Ali Alkhaleel waives any former jeopardy or double jeopardy claims the defendant may have in or as a result of any related civil or administrative actions.

5.      Ali Alkhaleel waives the right to take a direct appeal from the defendant's conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

   (a)      If the United States appeals from the sentence, Ali Alkhaleel may take a direct appeal from the sentence.

   (b)      If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Ali Alkhaleel may take a direct appeal from the sentence.

   Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking the defendant's conviction or sentence and the right to file any other collateral proceeding attacking the defendant's conviction or sentence.

   Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

6.      In the event the judgment of conviction and sentence entered as a result of this plea agreement does not remain in full force and effect for any reason, the government may reinstate any charges dismissed or reduced pursuant to this plea agreement. In the event of reinstatement, the defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

Page 3

B.      In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1.      The United States retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Ali Alkhaleel in the offenses charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence, including victim impact.

2.      The United States agrees to recommend a two-level downward adjustment for acceptance of responsibility.  However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1 or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and/or motion.

3.      The United States will take any position deemed appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C.      Ali Alkhaleel and the United States Attorney further understand and agree to the following:

1.      The penalty that may be imposed upon Ali Alkhaleel at Count Two is:

(a)      A term of imprisonment of not more than five (5) years;

(b)      A fine of not more than $250,000;

(c)      A term of supervised release of not more than three (3) years; and

(d)      A special assessment under 18 U.S.C. § 3013 of $100.

2.      The penalty that may be imposed upon Ali Alkhaleel at Count Six is:

(a)      A term of imprisonment of not more than ten (10) years;

(b)      A fine of not more than $250,000;

(c)      A term of supervised release of not more than three (3) years; and

(d)      A special assessment under 18 U.S.C. § 3013 of $100.

3.      The parties agree that the willful failure to pay any fine imposed by the Court may be treated as a breach of this plea agreement. Ali Alkhaleel acknowledges that the willful failure to pay any fine may subject the

Page 4

defendant to additional criminal and civil penalties under 18 U.S.C. § 3611 et seq.

4.  This agreement does not preclude the government from pursuing any civil or administrative remedies against Ali Alkhaleel or the defendant's property.

5.  The defendant agrees, as conditions of this Plea Agreement, not to (i) commit any additional federal, state, or local crime; (ii) violate any condition of release; (iii) fail to appear for sentencing; (iv) provide information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or (v) otherwise breach this Plea Agreement.

If the defendant acts contrary to any of the conditions set forth in the above paragraph at any time between the signing of this Plea Agreement and sentencing, the United States will be released from its obligations under this Plea Agreement. In that circumstance, the United States may seek, and the Court may impose, a longer term of imprisonment, a longer term of supervised release, and/or a larger fine than agreed upon. The defendant will remain bound by the terms of this Plea Agreement and will not be allowed to move to withdraw his plea of guilty. The United States may also reinstate previously dismissed or reduced charges, and/or pursue additional charges against the defendant. The defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

Any alleged breach of this Plea Agreement shall be determined by agreement of the parties or by the Court. If determined by the Court, a breach of this Plea Agreement shall be established by a preponderance of the evidence.

6.  Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement. The sealed Supplement to this plea letter is part of the agreement between the parties hereto.

Page 5

This letter sets forth the full and complete terms and conditions of the agreement between Ali Alkhaleel and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

TROY RIVETTI
United States Attorney

MORGAN A. CAMERLO
Assistant United States Attorney

I have received this letter from my attorney, Adam R. Gorzelsky, Esquire, have read it and discussed it with him, and I understand the terms of the Agreement. I hereby voluntarily accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

_____
ALI ALKHALEEL

08/06/2026
Date

Witnessed by:

_____
ADAM R. GORZELSKY, ESQUIRE
Counsel for Ali Alkhaleel